UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILD FUNDRAISING, LLC,** | * | |
| **Individually, and on behalf of** | * | |
| **all others similarly situated,** | * | **CIVIL ACTION NO.:**_____ |
| | * | |
| **PLAINTIFFS** | * | **JUDGE:**_____ |
| | * | |
| | * | **MAGISTRATE:**_____ |
| **v.** | * | |
| | * | |
| **CAPITAL ONE, NATIONAL** | * | |
| **ASSOCIATION** | * | |
| | * | |
| **DEFENDANT** | * | |
| | * | |
| *   *   *   *   *   *  * | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Wild Fundraising, LLC ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Capital One, National Association ("Defendant" or "Capital One"), based where applicable on personal knowledge, information and belief, and the investigation of counsel.

## INTRODUCTION

1. This action concerns a technical issue with one of Capital One's third-party vendors, which caused many small business bank account holders to lose access to their funds.

2. On or about January 15, 2025, Plaintiff noticed that it had lost access to just under $15,000.00 in funds in its account, which it was to use to pay its employees salary and wages.

3. As of this moment, Plaintiff and those similarly situated cannot access their funds to pay employees, routine business expenses, and the principals themselves.

4. This class action lawsuit seeks to represent a class of small business owners who have been denied access to their working capital ahead of a long weekend.

## PARTIES

5. Plaintiff Wild Fundraising, LLC ("Wild") is a Louisiana limited liability company in good standing, domiciled in New Orleans, Orleans Parish, Louisiana.

6. Capital One, National Association, also known as Capital One, N.A. or simply Capital One, is a national banking association headquartered in Tysons, Virginia with branches throughout the United States, including but not limited to Louisiana. Capital One may be served through its registered agent: Corporation Service Company, 100 Shockoe Slip Fl.2, Richmond, Virginia 23219-4100.

7. At all relevant times hereto, the bank had approximately 750 branches, including 30 café style locations, and 2,000 ATMs. It is ranked 106th on the Fortune 500, 15th on Fortune's 100 Best Companies to Work for list, and conducts business in the United States, Canada, and the United Kingdom[1].

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is a citizen of a state other than that of Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because it maintains branches and ATM's in this Judicial District, including but not limited to New Orleans, Louisiana, where Plaintiff attempted to, but was unable to withdraw its funds to pay its employees.

---

[1] https://en.wikipedia.org/wiki/Capital_One.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant has caused harm to Class members residing in this District, including but not limited to Wild, which is domiciled in New Orleans, Louisiana and which maintains a small business bank account in New Orleans, Louisiana.

**FACTUAL BACKGROUND**

11. On January 16, 2025, Plaintiff, and those similarly situated, received an email from Capital One, which read:

Valued Customer,

Starting Jan. 15, 2025, Capital One began experiencing a disruption in our payment processing and account balance updates, which is due to a technical issue with one of our service providers.

This may have also delayed timely processing of transactions such as wires, ACH, book transfers and loan closing disbursements as well as opening new accounts.

We're working closely with our provider to resolve this issue and restore processing as quickly as possible. We expect services to gradually begin to return to normal throughout today and the majority of issues to be resolved by tomorrow morning.

We assure you that we are taking this event very seriously and that your accounts remain secure. We sincerely apologize for the disruption and are doing everything we can to address this as quickly as possible.

Once service is restored, you'll be able to sign in and view your account information online or through the Capital One Mobile app. At that time, feel free to call us at 888-755-2172, 8 a.m.-8 p.m. ET, Monday through Friday for further assistance.

12. On January 17, 2025, Plaintiff's principal went to a Capital One branch to withdraw the $14,389.79 in its account to use to pay its two full time employees, as well as the six independent contractors it employed in its operations.

13. Plaintiff's principal was told she could only withdraw $1,000.00 of the funds due to the technical issue Capital One was experiencing with a third-party vendor. Plaintiff's principal was not given any other information, including but not limited to an estimated time she could

withdraw funds to pay her employees, as well as herself, ahead of a federally recognized long weekend holiday.

12. Plaintiff's principal withdrew the maximum of $1,000.00 and opened another bank account at a competing financial institution so as to pay routing business expenses. But as of this writing, Plaintiff's employees and independent contractors remain unpaid ahead of the long weekend.

### Capital One's Technical Glitch Has Injured Class Members

13. While Capital One maintains that it is working on the problem, its notification to customers and Class members stated that it would have it solved by the morning of January 17, 2025. Because the technical issue remains ongoing, however, Class members have and will continue to suffer actual harm and damages because they cannot access their funds to pay employees, routine business expenses, and the principals themselves.

### CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of itself and as a class action, pursuant to the Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons or entities in the United States who have small business bank accounts with Capital One, who were prevented from accessing their funds due to Capital One's alleged third-party vendor technical issue.

15. Excluded from the Class Capital One and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his or her immediate family. Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

16. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis as would be used to prove those elements individual actions alleging the same claim.

17. This action has been brought and may properly be maintained on behalf of the class proposed herein under Federal Rule of Civil Procedure 23.

18. **Numerosity**. The members of the class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there approximately thousands of members of the class, the precise number of Class members is unknown at this time, but may be ascertained from Capital One's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, or published notice.

19. **Commonality**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including:

   a. Whether Capital One is responsible for the conduct alleged herein;

   b. Whether Capital One is liable for the conduct of its third-party vendor, to whom Capital One ascribes responsibility for such alleged conduct;

   c. Whether Capital One's alleged third-party vendor complies with federal banking regulations, and if not, whether Capital One is liable therefor;

   d. Whether Capital One knew about the technical issue and, if so, how long it possessed this knowledge;

   e. Whether Capital One's conduct violates consumer protection statutes, federal banking laws, and other laws as asserted herein;

    f. Whether Plaintiff and the other Class members suffered damages as a result of Capital One's conduct;

    g. Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or other injunctive relief; and

    h. Whether Plaintiff and the other Class members are entitled to recovery of damages and other monetary relief and, if so, in what amount.

20. **Typicality**. Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Capital One's denial of access to Class members' funds.

21. **Adequacy**. Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other members of the Class it seek to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and its counsel.

22. **Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2)**. Capital One has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

23. **Superiority**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Capital One, so it

would be impracticable for members of the Class to individually seek redress for Capital One's wrongful conduct.

24. Should individual Class Members be required to bring separate actions, this Court and/or courts throughout the United States would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

**COUNT I**

**(Breach of Contract)**

25. Plaintiff repeats the allegations set forth above as if fully set forth herein.

26. Plaintiff and all Class members executed account agreements with Capital One when they opened their small business bank accounts.

27. Such account agreements became the basis of the bargain for Plaintiff and other bank customers because such account agreements are among the facts a reasonable consumer would consider to be material in the opening of a small business bank account. Included in such account agreements is an implicit understanding that account holders could access their funds when they saw fit. By denying Plaintiff and other Class members access to their funds, Capital One breached those account agreements.

28. As a result of the foregoing breaches of contract, Plaintiff and other members of the Class have been damaged in that they were, and are, unable to pay employees, routine

business expenses, as well as the principals themselves with the funds with which they are lawfully entitled to do so.

## COUNT II

**(Negligence)**

29. Plaintiff repeats the foregoing allegations as if fully set forth herein.

30. Capital One owed Plaintiff and the Class a duty to treat them reasonably and fairly under the circumstances of their relationship.

31. Whether a duty exists is a question of law. *See Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811 (La. 1993). Whether Defendant breached that duty is a question of fact. *Id.* The determination of whether Defendant's conduct was a cause-in-fact of the plaintiff's injuries is also a factual determination. *See Rando v. Anco Insulations, Inc.,* 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065.

32. Capital One willfully and/or negligently breached its duty to Plaintiff and the Class by failing to abide by the terms of its account agreements, by using and/or relying on a third-party vendor that allegedly caused or is responsible for the technical issue at issue herein. In short, Capital One is liable unto Plaintiff and the Class for the damages it caused them.

## COUNT III

**(Unjust Enrichment)**

33. Plaintiff repeats the foregoing allegations as if fully set forth herein.

34. Defendant has been unjustly enriched in that it denied access to funds to Plaintiff and Class members, thereby allowing Capital One to use said funds in any way it deemed or deems appropriate.

35.     Plaintiff and other Class members got less than what they agreed to when they decided to bank with Capital One. The foregoing did not occur by happenstance or conditions out of Defendant's control. Capital One is liable unto Plaintiff and the Class members for such unjust enrichment.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE**, Plaintiff, individually and on behalf of other Class members respectfully request that the Court enter judgment in their favor and against Capital One, as follows:

A. Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

B. An order temporarily and permanently enjoining Capital One from continuing the unlawful and withholding of Class members' funds, as alleged in the Complaint.

C. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

D. For punitive damages as permitted by law;

E. An order requiring Capital One to pay both pre and post-judgment interests on any amounts awarded;

F. An award of costs and attorneys' fees; and

G. Such other or further relief as may be appropriate.

DATED this 17th day of January, 2025.                MICHAUD CONSUMER LAW, LLC

/s/ Marc R. Michaud
Marc R. Michaud, T.A. (#28962)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
*Attorneys for Plaintiff*